KING, C.J.,
for the Court.
¶ 1. On June 13, 2003, Nolan D. Lank-ford was injured during the course of his employment at Rent-A-Center, Inc. in Horn Lake, Mississippi. Rent-A-Center and its carrier, United States Fidelity & Guaranty Company, admitted Lankford sustained compensable injuries. Lankford continued to work at Rent-A-Center until he was fired on July 18, 2003, receiving his full, pre-injury pay of $519.23 until his termination.
¶ 2. On August 25, 2003, Lankford filed a petition to controvert with the Mississippi Worker’s Compensation Commission, arguing that he was entitled to temporary total disability benefits. A hearing was held on February 9, 2005, before an administrative law judge. The judge considered the existence and extent of temporary disability, the existence and extent of permanent disability, and whether penalties and interest were applicable. The judge found that (1) Lankford was temporarily totally disabled from the period of June 13, 2003 (the date of injury) until January 6, 2004 (the date Lankford reached full maximum medical improvement), and (2) Lank-ford suffered no permanent disability as a result of his injury. Rent-A-Center was *776 ordered to pay temporary total disability benefits at a rate of $331.06 per week from June 13, 2003, through January 6, 2004. Rent-A-Center was given credit for the wages Lankford earned during this time.
¶ 3. On March 10, 2005, Rent-A-Center and United States Fidelity filed a petition for review by the Commission of the administrative law judge’s February 25, 2005 order. On September 26, 2006, the Commission entered an order affirming the administrative judge’s grant of temporary benefits but amending the period of compensation. According to the Commission, Lankford was only temporarily disabled from September 17, 2003 (the date Lank-ford underwent surgery) through November 4, 2003 (the date Lankford could return to restricted duty at work). The Commission found that this was the only time period in which Lankford was incapacitated due to his injuries. It reasoned that Lankford worked from June 13, 2003, until July 18, 2003, with full pay and was not considered disabled during this time. From July 19, 2003, up until the date of his surgery on September 17, 2003, Lankford was admittedly able to work and would have returned to work after November 4, 2003, except for the fact that he was terminated for reasons unrelated to his injuries.
¶ 4. On October 5, 2005, Lankford filed a notice of appeal to the Circuit Court of Desoto County. In the meantime, Reni>-A-Center paid Lankford $2,938.90, the amount determined by the Commission to represent the penalties and interest Rent-A-Center owed Lankford. On March 24, 2006, the circuit court affirmed the Commission’s decision. Lankford appeals before this Court, raising the sole issue of whether the trial court erred in affirming the decision of the Mississippi Workers’ Compensation Commission, which affirmed, but amended the order of the administrative law judge.
¶ 5. Finding no error, we affirm the circuit court’s judgment.
FACTS
¶ 6. Lankford was employed with Rent-A-Center, Inc., in Horn Lake, Mississippi, as a “fast track” management trainee. After training, Lankford was to become an account manager with the store.
¶ 7. On June 13, 2003, Lankford sustained an injury to his left arm while lifting a big screen television during the scope of his employment with Renf-A-Center, Inc. Dr. Bret Sokoloff of Memphis Orthopedic Group treated his injuries. Dr. Sokoloffs initial evaluation assessed Lankford’s injuries as left tennis elbow. However, Lankford’s pain persisted and his condition was later diagnosed as left lateral epicondylitis. Dr. Sokoloff placed Lankford on work restrictions, lifting no greater than ten pounds with his left arm. On August 15, 2003, Lankford’s work restrictions were decreased so that he could lift no greater than twenty-five pounds with his left arm.
¶ 8. On September 17, 2003, Lankford underwent surgery to his left arm. He was released to work on September 26, 2004, with Dr. Sokoloff restricting him to no use of his left arm. On November 4, 2003, Lankford’s restriction changed so that he could now work with his left arm again, but at a lifting maximum of ten pounds for that arm. On December 5, 2003, Dr. Sokoloff released Lankford to full work duty, and on January 6, 2004, Dr. Sokoloff found Lankford had reached maximum medical improvement with no residual impairment. Dr. Sokoloff found that Lankford suffered no permanent partial impairment or restrictions with his left arm due to his June 13, 2005 work injury.
¶ 9. After reviewing the evidence, the administrative law judge found that Lank- *777 ford was entitled to temporary total disability from the date of his injury on June 13, 2003, until January 6, 2004, the date Dr. Sokoloff found Lankford had reached maximum medical improvement. The Commission found Lankford was only entitled to benefits from September 17, 2003, the date he underwent surgery to his left arm, until November 4, 2003, the date Dr. Sokoloff released him to work with restrictions of lifting no more than ten pounds with his left arm. The circuit court affirmed the Commission’s decision, finding it was supported by substantial evidence. Lankford now appeals to this Court.
STANDARD OF REVIEW
¶ 10. The appellate court reviews decision by the Mississippi Workers’ Compensation Commission under a clearly erroneous standard. Smith v. B.C. Rogers Processors, Inc., 743 So.2d 997, 1002(¶ 13) (Miss.Ct.App.1999). “This Court will reverse the commission’s order only if it finds that order clearly erroneous and contrary to the overwhelming weight of the evidence.” Id.
ANALYSIS
Whether the trial court erred in affirming the decision of the Mississippi Worker’s Compensation Commission, which affirmed, but amended the order of the administrative law judge.
¶ 11. Lankford argues that the trial court erred in affirming the Mississippi Workers’ Compensation Commission’s decision to amend the administrative law judge’s decision, in which the Commission found the appropriate period of Lankford’s temporary total disability was from September 17, 2003, until November 4, 2003. The administrative law judge previously found the appropriate period of temporary total disability was from June 13, 2003, until January 6, 2004. Lankford argues that the Commission’s decision was not supported by substantial evidence. Lank-ford argues that, after his surgery, he was placed on restrictions by his physician and could return to work with only the use of his right arm. He asserts that because he could not return to his prior job duties, the Commission’s period of total temporary disability is inaccurate and is not supported by the evidence.
¶ 12. The Mississippi Workers’ Compensation Commission is the trier of fact in workers’ compensation cases. McElveen v. Croft Metals, Inc., 915 So.2d 14, 19(¶ 10) (Miss.Ct.App.2005). The Commission’s orders will only be overturned for errors of law or fact findings unsupported by the evidence. Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991).
¶ 13. The Commission found that the period from September 17, 2003 until November 4, 2003, following the surgery, was the only time during which Lankford’s injury prevented him from earning wages. The Commission found that, up until his dismissal for reasons unrelated to his injury, Lankford continued his usual employment. The Commission noted that but for Lankford’s dismissal, he could have returned to his prior employment. These findings are supported by substantial evidence within the record. This Court is therefore bound by those findings of fact. Accordingly, this Court affirms the limited award of benefits.
¶ 14. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT AFFIRMING THE DECISION OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*778 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.